# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

MATILDA J. SKOGLAND v. ST. PAUL GASLIGHT COMPANY.[1]

February 13, 1903.

Nos. 13,309—(232). [2]

**Injury from Escaping Gas—Negligence.**

> Frost having reduced the gas pressure in pipes supplying a private boarding house, a representative of the gas company was sent in response to a notice of the fact, and upon his arrival notified the landlady that it would be necessary to turn off the gas while making repairs. The landlady, with the assistance of a boarder, attempted to turn off the gas jets throughout the house, but the room occupied by appellant was overlooked, and she had no notice of the fact that the gas was to be turned off, and, having fallen asleep while the gas was lighted, was injured by inhaling the escaping gas when it was turned on again. *Held*, the gas company was not guilty of negligence in failing to notify appellant that the gas would be turned off, or in failing to see that all of the gas jets in the house were turned off when the gas was turned on again.

Action in the district court for Ramsey County to recover $30,000 for personal injuries suffered through the alleged negligence of defendant in causing illuminating gas to enter the room of plaintiff while she was asleep. The case was tried before Otis, J., who granted motion to dismiss the action, upon the close of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*J. F. George*, for appellant.

*How, Taylor & Mitchell*, for respondent.

[1] Reported in 93 N. W. 668.    [2] See note on page iv supra.

89 M.—1

LEWIS, J

Appellant was a boarder in a private boarding house conducted by Mrs. Lapham in the city of St. Paul. On a certain day in January, 1902, the gas pressure being insufficient because of frost in the pipes, the gas company was notified of the condition, and about eight o'clock in the evening one of its employees came to remedy the defect. Mrs. Lapham talked with the man, and showed him the way to the cellar or basement, where he turned off the gas, thawed out the pipe in the usual manner, and then turned the gas on again. While the employee was in the basement, Mrs. Lapham went upstairs, and turned out the lighted gas jets on the second floor, and one of her boarders, with the intention of helping her, turned out the lights in the parlor, supposing those to be the only ones burning on the first floor, but the room occupied by appellant, opposite the parlor, was overlooked. Appellant had gone to her room about seven o'clock, and had lain down on the bed to read, with her head immediately under the two lighted jets, and, before the gas was turned off in the basement, had fallen asleep, with the door and windows of her room closed, so that when the gas was again turned on appellant inhaled the escaping gas until its odor was located as coming from her room, and she was aroused. Appellant seeks to recover for injury to her health, and the charge of negligence against the company is that it was its duty to see that all the gas jets were turned off before turning on the gas after making repairs.

If, when summoned, respondent's representative had gone to the house, and merely stated to the landlady that he had come to make repairs, without telling her the gas would be turned off, then, under such circumstances, it may be conceded the company would be liable for damages; but if he notified the person in charge of the house that the gas would be turned off, in our opinion respondent did all that could be reasonably required, and, if Mrs. Lapham failed to properly notify her boarders, or to personally turn out all the lights in the various rooms, then the responsibility cannot be placed on the gas company. It would be an unreasonable demand to require the company to go through the house and look at each jet to see that it was properly turned off,

or to notify all the occupants to that effect. The landlady was the representative of the members of her household, and it was with her that the company transacted its business. It was called by her to correct the fault, and she would naturally be the person to notify what was to be done. It is claimed that the evidence is not conclusive as to the fact of her being informed the gas would be turned off, but it seems to us there can be no dispute on that point, for, while the evidence does not disclose that she was notified in express words, it does show that she came in response to the call for her, and as the result of her conversation with the company's employee immediately went through the house, and, with the assistance of one of the boarders, turned off the gas, from which it appears she understood that it would be turned off in the basement, and that she had been so notified by the workman.

Order affirmed.